IN RE THOMAS W. VAN SCIEVER.

FILED NOVEMBER 20, 1894.    No. 7311.

1. **Extradition**: HABEAS CORPUS: REVIEW: EVIDENCE. Where a requisition is made upon the governor of one state by the governor of another state for the return of an alleged fugitive from justice, and the requisition is accompanied by a copy of the complaint filed in the court to which the party whose return is demanded was held to appear by the examining magistrate, and also a copy of the evidence adduced at the preliminary hearing before the magistrate, and on being arrested under a warrant issued by the governor in compliance with the request of such requisition the party sues out a writ of *habeas corpus* in the district court, or before a judge thereof, and to reverse the order of the district court or judge denying the relief prayed for brings the case to this court by petition in error, the evidence taken at the preliminary hearing will not be examined for the purpose of ascertaining whether it sustains a charge of the crime alleged in the information, nor to determine whether it supports the finding of the examining court that there was probable cause to believe the party had committed the crime with which he was charged.

2. ———: REQUISITION: COPY OF INDICTMENT: EVIDENCE OF CRIME: FOREIGN LAW. Where a requisition is accompanied

by a copy of an indictment found by a grand jury, the fact that an indictment has been found is at least *prima facie* evidence that the act charged is a crime and is so regarded in the state where the act was done; and where the policy of prosecution by information has been established by law, and it appears from the record accompanying the requisition that the party whose rendition is asked has been accorded a preliminary examination, as a result of which he was held to appear and answer to the charge in a higher court and has been duly charged with the crime in the higher court in an information filed therein, a copy of which is attached to the papers presented with the requisition to the governor, such information is of as high a grade as a criminal pleading as an indictment, and entitled to the same weight as evidence and will be so considered.

3. **Habeas Corpus:** REVIEW. The proceedings in a hearing on *habeas corpus* may be reviewed on error; but being in its nature a civil proceeding, such review must be by petition in error.

4. ———: ———. Section 902 of the Code, wherein it states: "Until the legislature shall otherwise provide, this Code shall not affect proceedings on *habeas corpus*," etc., *held*, to apply to the proceedings relating to the application for the writ of *habeas corpus* and its hearing, and not to the manner of their review or the removal of the case for such purpose.

5. ———: MOTION FOR NEW TRIAL: REVIEW. Where there is a trial in a *habeas corpus* case and it is sought to review alleged errors occurring during the trial, a motion for a new trial must be made embodying the errors of which complaint is made, and presented to the trial court or judge and a ruling obtained thereon, to entitle the complaining party to such review.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

The opinion contains a statement of the case.

*Pound & Burr*, for plaintiff in error:

The testimony taken before the magistrate in California, upon which the information is based, certified to by the governor of California as authentic, and by him made a part of his requisition, shows upon its face that the plaintiff in error has committed no crime, and that the complaint

made can, at best, only be the subject of a civil suit. (*Van Etten v. State*, 24 Neb., 734; *Miller v. State*, 16 Neb., 180.)

The information upon which the requisition is founded, and which is certified to by the governor of California and made a part of his requisition, fails to charge the plaintiff in error with any crime.

Embezzlement is an offense not known to the common law, and is a purely statutory offense. (1 Wharton, Criminal Law [8th ed.], sec. 1009; 2 Bishop, Criminal Law [6th ed.], secs. 324–327; *Ex parte Hedley*, 31 Cal., 108.)

The courts of this state cannot take judicial notice of the statutes of California relating to criminal offenses. In the absence of proof, the presumption, if any, is that the statutes of that state relating to crimes are the same as those of this state. (*Lord v. State*, 17 Neb., 530; *Ruth v. Lowrey*, 10 Neb., 260; *People v. Brady*, 56 N. Y., 183.)

The information fails to allege to whom the check therein mentioned belonged, or that it was appropriated and converted without the assent of the employer or owner. These are fatal defects, and the information therefore charges no crime known to our laws or to the laws of California. (*Ex parte Eads*, 17 Neb., 145; *Smith v. State*, 21 Neb., 552.)

Whether or not the information charges a crime is a question of law open to judicial inquiry on an application for a discharge under a writ of *habeas corpus*. (*Ex parte Spears*, 88 Cal., 640; *Roberts v. Reilly*, 116 U. S., 95; *People v. Brady*, 56 N. Y., 182.)

Where the information charges no crime, the court will discharge the accused on writ of *habeas corpus*. (*Ex parte Eads*, 17 Neb., 145; *Smith v. State*, 21 Neb., 552, and cases cited; *Ex parte Pfitzer*, 28 Ind., 450; *People v. Brady*, 56 N. Y., 182; *Ex parte Spears*, 88 Cal., 640; *Ex parte Smith*, 3 McLean [U. S.], 121; *Roberts v. Reilly*, 116 U. S., 95.)

It will be found that the statutes of California, should they be consulted, require, to constitute embezzlement, that

the property appropriated be the property of another. They also require that indictments should state facts which, if true, will necessarily import that the crime imputed has been committed. (*People v. Williams*, 35 Cal., 671; *People v. Lewis*, 64 Cal., 402.)

*Stearns & Strode, contra :·*

Before having the judgment of the district court reviewed the record must show that plaintiff in error filed a motion for a new trial and obtained a ruling thereon. (Code, secs. 316, 317; *Hull v. Miller*, 6 Neb., 128; *Gaughran v. Crosby*, 33 Neb., 33; *Carlow v. Aultman*, 28 Neb., 672; *Crosby v. Wiggenhorn*, 3 Neb., 108; Elliott, Appellate Procedure, sec. 290.)

The warrant issued in this case by the governor of Nebraska is conclusive, both as to the regularity of the requisition papers and the sufficiency of the information. (2 Spelling, Extraordinary Relief, sec. 1308; *State v. Buzine*, 4 Har. [Del.], 572; *In re Leary*, 10 Ben. [U. S.], 197; 3 Rice, Evidence, 920; *In re Romaine*, 23 Cal., 585; *Farmer v. Lewis*, 47 Am. Rep. [Ind.], 153; *Ex parte Reggel*, 114 U. S., 642; Church, Habeas Corpus [2d ed.], 472b; *Commonwealth of Kentucky v. Dennison*, 65 U. S., 66.)

The court should not consider on *habeas corpus* the question whether the original information filed in this case is sufficient to sustain a conviction. (*Pearce v. State*, 23 S. W. Rep. [Tex.], 15; *Ex parte Kitchen*, 18 Pac. Rep. [Nev.], 886; *State v. O'Connor*, 36 N. W. Rep. [Minn.], 462; *In re Davis*, 122 Mass., 324; *In re Brown*, 112 Mass., 409; *Ex parte Sheldon*, 34 O. St., 319; *In re Manchester*, 5 Cal., 237; *State v. O'Connor*, 38 Minn., 243; *In re Keller*, 36 Fed. Rep., 681; *In re Greenough*, 31 Vt., 279; *In re Voorhees*, 32 N. J. Law, 141; Church, Habeas Corpus [2d ed.], sec. 477; 7 Am. & Eng. Ency. Law, 613; *Ex parte Davis*, 17 Neb., 436.)

The information charges the crime of embezzlement

under the rules established by the supreme court of California. (*People v. Murray*, 10 Cal., 309; *People v. Martin*, 32 Cal., 91; *People v. White*, 34 Cal., 183; *People v. Potter*, 35 Cal., 110.)

HARRISON, J.

On October 20, 1894, H. H. Markham, governor of the state of California, issued a requisition, directed to the governor of this state, in which it was stated, in substance, that the plaintiff in error stands charged with the crime of embezzlement committed in the county of Los Angeles, state of California, and has fled from justice and taken refuge in the state of Nebraska, and requested and demanded that he be apprehended and delivered to a party named, to be conveyed to the state of California to be dealt with according to law. With the requisition were an affidavit, a copy of a complaint, or information, filed in the superior court of the county of Los Angeles, purporting to charge plaintiff in error with the crime of embezzlement, and copies of other papers, from which it appears that he had been arrested in the state of California and taken before a magistrate and given a preliminary examination, and in due course of the proceedings the information filed in the superior court, to which, upon arraignment, he had entered a plea of not guilty and pending trial been admitted to bail. His excellency, Governor Crounse, issued his warrant for the apprehension of plaintiff in error, who was arrested, after which he filed a petition in the district court of Lancaster county and sued out a writ of *habeas corpus*, under which he was produced before the court, or one of the judges thereof, and a hearing had, which resulted in a finding that he was not unlawfully detained or restrained of his liberty, and after an application to be admitted to bail, which was refused, error has been prosecuted in his behalf to this court.

The first point argued by counsel for plaintiff in error

in his behalf is that the testimony introduced in the pre-
liminary examination in the magistrate's court in Califor-
nia is attached to the papers accompanying the requisition
of the governor of that state, and that a consideration of
the testimony will convince that the plaintiff in error has
not committed the crime with which it is claimed he is
charged in the information.   We think it is without our
province in this, a proceeding in error to review the action
of the district court in the *habeas corpus* case, to enter into
an examination of this evidence with a view to determin-
ing the question of whether the plaintiff in error should
have been charged with a crime, the answer to such ques-
tion to depend upon a decision of the sufficiency or insuf-
ficiency of the testimony to sustain the charge, and we
cannot agree with counsel that inasmuch as this evidence is
sent with and attached to the governor's requisition, it be-
comes our duty to examine it for the purpose of ascertain-
ing whether the plaintiff in error stands charged with a
crime.   It would, in effect, be a review of the action of
the justice of the peace in California, in holding from this
testimony that a crime had been committed and there was
probable cause for believing that plaintiff in error commit-
ted it.   This would be passing back beyond the superior
court in which information has been filed against him and
reviewing the case as made upon the evidence in the court
of the examining magistrate.   We are convinced that this
cannot be done.

Another, and the main point insisted upon by counsel
for plaintiff in error, is that the information is insufficient,
in that it does not state a crime, and as a portion of the
argument on this point it is claimed that inasmuch as the
law of California relating to embezzlement was not intro-
duced in evidence on the hearing of the *habeas corpus,* and
that in order to be considered it must have been proved as
any other fact, or in the absence of such proof, the court
must presume that the law of California in regard to the

crime charged is the same as the law of this state, and if
the complaint is insufficient under the provisions of our
Criminal Code in relation to. embezzlement, the plaintiff
in error is entitled to be discharged under the *habeas
corpus.* In Hawley, Inter-State Extradition, 29, 30, is
the following statement in reference to the rule that courts
of one state do not take judicial notice of the laws of
another state: "One of the difficulties which is found in
determining whether or not the act charged is a crime in
the demanding state and what evidence of this shall be
deemed conclusive grows out of the rule that the courts of
one state cannot take judicial knowledge of the laws of an-
other state. They must be proved before them as matters
of fact. It is not too much to say that it is a foolish rule,
more honored in the breach than in the observance; and
many cases can now be found in the books in which no
pretense is made of observing it. But there are other
cases in which the highest courts have obstinately shut their
eyes to the most indubitable evidence of the law in an-
other state." The law of California on the subject of em-
bezzlement, it is claimed by counsel for defendant in error,
was used or read during the hearing in the district court,
and the attempt was made to incorporate it in the bill
of exceptions as an amendment thereto, but it was refused
by the judge who heard the case, and no doubt correctly;
but which rule shall prevail in reference to our taking
judicial notice of the law of the state of California or re-
quiring it to be proved as a fact, we think can have no in-
fluence or weight in shaping our decision in this case. The
record discloses that the plaintiff in error has been given a
preliminary examination and held for appearance to answer
in the higher court, that an information has been filed in such
higher court, and that on being arraigned plaintiff in error
entered a plea of not guilty and was admitted to bail pending
trial. Prosecution by information in states by which it has
been adopted is substituted for an inquiry by a grand jury

and its return of an indictment, and it is guarded by the requirement that every person prosecuted under an information must first have been allowed a preliminary examination and the further provision that the public prosecutor shall examine into the matter, and if he concludes that a further prosecution should be had, he shall prepare the information and file it. This, we think, constitutes the information filed in the higher court a criminal pleading of as high a grade and entitled to as much credence as an indictment. Having reached this conclusion then, the following rule of law as stated by the author in the work cited *supra* on page 30 thereof is applicable: "The fact that an indictment has been found is regarded as affording at least *prima facie* evidence that the act charged is a crime;" and the same author further says on pages 32, 33 of his work: "The distinction between an affidavit and an indictment in one case is stated as follows: 'If the charge is by way of affidavit against the alleged fugitive, and it appears clearly from the whole facts stated in the affidavit taken together that no crime had been committed, it might, with some show of reason, be claimed that the subject matter was not within the provisions of the constitution and act of congress, and, therefore, as to the jurisdiction of the executive to issue the warrant, the whole matter would be *non coram judice*. The case in 1 Park Cr. Cas. [N. Y.], 429, is of this character; but that is far from being this case. Here the charge against the alleged fugitive is by a bill of indictment found by a grand jury, and whether the bill charges an indictable offense under the statute of Illinois should be left to the determination of the courts of that state.' (*In re Greenough*, 31 Vt., 279.) While the rule seems to be that the making of an affidavit and the issuing of a warrant by a magistrate is not evidence that the act charged is a crime, all of the authorities agree that the finding of an indictment is at least *prima facie* evidence that the act

charged amounts to a crime" (*In re Briscoe*, 51 How Pr. [N. Y.], 422); and the supreme court of Maine, in an opinion given to the governor, said: "In our opinion it is the duty of the executive of this state to cause to be delivered over to the agent of another state, at the request of the executive thereof, a citizen of their state charged by indictment with the fraud before set forth, which, being indicted in such state, may be presumed to be there regarded as a crime. (6 Am. Jurist [Me.], 226;" Hurd, Habeas Corpus, 608–609, and cases cited and commented upon; *Pearce v. State*, 23 S. W. Rep. [Tex.], 15; *In re Brown*, 112 Mass., 409.) In 2 Moore, Extradition, p. 1030, sec. 638, it is stated: "It it believed that there is no case in which a court has on *habeas corpus* discharged a fugitive from custody on a rendition warrant on the ground that an indictment accompanying the requisition did not constitute or contain a sufficient charge of crime." That the technical sufficiency of the pleading will not be examined on *habeas corpus*, but will be left to be disposed of by the courts of the state making the demand for the return of the party accused, see *Tullis v. Fleming*, 69 Ind., 15; *Pearce v. State, supra; State v. O'Connor*, 36 N. W. Rep. [Minn.], 462; *In re Brown, supra; In re Roberts*, 24 Fed. Rep., 132; *In re Welch*, 57 Fed. Rep., 576; *Roberts v. Reilly*, 116 U. S., 80. We conclude that the information in this case must be considered *prima facie* evidence of a crime charged against the plaintiff in error under the laws of California.

It is argued by counsel for defendant in error in this case that no motion for new trial having been filed in the district court the plaintiff in error could not have the case reviewed in this court by petition in error. The authorities all state that it is the established rule of the English courts that a writ of error will not lie to the final order made on the hearing of a *habeas corpus*, and so it is held in a number of the states of our country, while several of them have provided by statute for reviewing the decision

on a *habeas corpus* by error or appeal.    In our state
the right to review by error proceedings exists.    (See
*Atwood v. Atwater*, 34 Neb., 405, and authorities cited,
among which is *Ex parte Wames*, Nebraska Supreme
Court, not reported.    See, also, *In re White*, 33 Neb., 812.)
But returning to the question of whether it was necessary
to file a motion for a new trial in order to obtain a review
of any alleged error occurring during the trial, section
375 of the Criminal Code,—the one by the provisions of
which the plaintiff in error claims a right to proceed in
this court,—states: "The proceedings upon any writ of
*habeas corpus* shall be recorded by the clerks and judges
respectively, and may be reviewed and writs of error and
*certiorari* may issue as in other cases now provided by law."
But writs of error and *certiorari* have been abolished in
civil cases.    In section 599 of the Code of Civil Proced-
ure it is stated: "Writs of error and *certiorari* to re-
verse, vacate, or modify judgments or final orders in
civil cases are abolished."    The application for a writ
of *habeas corpus*, we think, may be said to be sufficiently
of the character of a civil proceeding to be governed by
the provision of the section as quoted.    In *Ex parte Col-
lier*, 6 O. St., 60, a proceeding in the supreme court to
reverse an order made by a judge of the court of common
pleas in a *habeas corpus* case, the court stated: "We re-
gard this in the nature of a civil proceeding."    But in
section 902 of our Civil Code we find the following:
"Until the legislature shall otherwise provide, this Code
shall not affect proceedings on *habeas corpus*," etc.    It
may be argued that by this portion of section 902 all the
rights and remedies given in what is known as the
"Habeas Corpus Act" are saved, and not within the
operation of the section by which writs of error and *cer-
tiorari* were abolished.    In considering this question under
provisions of statute similarly worded and phrased, the
supreme court of Ohio, in *Ex parte Collier*, *supra*, stated:

"Section 604 of the Code enacts 'that until the legislature shall otherwise provide, this Code shall not affect proceedings on *habeas corpus,*' etc. It may be claimed that this clause, by its peculiar phraseology, saves the *habeas corpus* act, and all of the remedies given by it, from the operations of the Code. The word 'proceedings' includes, we think, nothing more than the doings of the judge who allows the writ, and is limited to the hearing before him. The filing of a petition in error is a proceeding before another tribunal. It is new in its character and effects a review of the decision of the judge, without forming any part of the case before him. The allowance of the writ, the bringing forward of the petitioner before the judge, the inquiry into the cause of his caption and detention, the introduction of evidence, and the liberation or other disposal of the relator are all to be governed by the act relating thereto; and as to other questions, to be determined by some other tribunal, though arising out of the case made on the writ, the Code prescribes the form by which they are to be governed. We adopt this construction the more willingly as it secures uniformity of practice in cases of error in civil proceedings, which seems to be a prominent object of the Code." We think the views expressed and doctrine announced by the Ohio court, as above set forth, sound and correct, and hence we adopt them, and this not only wherein it refers to the application of the portion of the section quoted and limits it to the manner of procedure in the allowance of and hearing on the writ, but also in the further statement that "as to other questions to be determined by some other tribunal, though arising out of the case made on the writ, the Code prescribes the form by which they are to be governed." This court in *In re White, supra,* said in the opinion written by MAXWELL, C. J.: "There is an abundant provision for the granting of the writ, as it may be applied for to any county judge or judge of the district court, and the several rulings thereon of the

In re Van Sciever.

district court may be brought into this court for review on error. As a general rule, therefore, the proceeding should be instituted in the county where the alleged unlawful restraint is being exercised, and where, if it is necessary to call witnesses, the parties will not be subjected to unnecessary expense and inconvenience. The case may then be reviewed on error as in other cases." From the above statement we think it may be concluded that the court contemplated that proceedings in error in a *habeas corpus* case would be governed by the rules prevailing in other cases, and we are satisfied that where there is a trial in a *habeas corpus* case, and it is sought to have reviewed any error alleged to have occurred during such trial, the same rule applies in a *habeas corpus* case as in other cases, and it is necessary that a motion for a new trial should be made, embodying the errors of which the party complains, and presented to the trial court or judge and a ruling obtained thereon. In the case at bar there was no motion for a new trial, and if the rule requiring such motion had been enforced, we need not have examined some of the questions which have been considered; but counsel for plaintiff in error states in his reply brief as a reason why a motion for a new trial was not filed, that they did not have sufficient time allowed them to do so. Whether this was the reason or not does not in any manner appear from the record; but inasmuch as the final decision of the questions raised by the petition in error involved the right of the plaintiff in error to his personal liberty, for a time at least, the right to personal liberty being one than which we know no greater, we have thought it best to examine, consider, and decide them. From the views expressed it follows that the decision of the district court will be and is

AFFIRMED.