### In re TEESE.

(Supreme Court, Appellate Division, Second Department. June 21, 1898.)

1. HABEAS CORPUS—FINAL ORDER—RESETTLEMENT—COSTS.

In a habeas corpus proceeding by a mother to determine the custody of children, it was determined that each parent should have the custody for six months alternately, and the husband was charged with the costs of the proceeding, although it appeared by his uncontradicted evidence that he had offered alternative custody before the proceeding was brought. Upon his subsequent motion to resettle the order by striking out the provision as to costs, however, the evidence, though conflicting, warranted a conclusion that his original effort had not been as favorable to the mother as the order was. *Held*, that these facts might be considered in determining the propriety of the original order.

2. SAME.

Where costs are charged against a party in a final order in civil habeas corpus proceedings, the circumstances which determine the sum charged should clearly appear before the court by which the order is made.

Appeal from special term, Kings county.

Habeas corpus, on the application of Daisy E. Teese, for the production of Leslie Dwight Teese and Marguerite Cooper Teese. From an order denying a motion to resettle a final order by striking therefrom a provision charging William Dwight Teese with a certain sum as disbursements, the latter appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

J. Stewart Ross, for appellant.
John F. Clarke, for respondent Daisy E. Teese.

WILLARD BARTLETT, J. By the consent of the parties to this controversy, it was sent to a referee to take proof upon the question whether the custody of the children of their marriage should be awarded to the father or the mother. The referee reported that each parent should have the care and control of the children for six months alternately with the other, and the report has been confirmed at the special term. To the disposition of this branch of the case the father does not object; but he has appealed from the refusal of the court below to strike out a provision in the order of confirmation, charging him with $3,097.95, for the fees of the referee and stenographers. The order appears to have been entered ex parte at the instance of the relator, so that the appellant had no opportunity then to be heard upon the question whether he should be charged with the disbursements in the proceeding. It shows that it was made upon the evidence taken before the referee, which included an uncontradicted statement of the appellant to the effect that, prior to the filing of the return to the writ, he had offered to consent to an agreement by which he and his wife should alternately have the custody of the children. In view of this offer, there was no basis for an award of costs or disbursements against the husband, inasmuch as it evinced his willingness at the outset of the proceedings to give the wife without litigation all that she has obtained by going on with the reference, so far as the custody of the children was concerned. See Bickford v. Searles, 9 App. Div. 158, 41 N. Y. Supp. 148. The insertion of the provision as to disbursements, therefore, was an erroneous exercise of the discretion of the special term at the time when the order was originally made; for, upon the proof then before the court, it appeared that the disbursements could have been saved if the wife had accepted the husband's offer, and hence he should not have been charged with an expense which seemed to be wholly due to her persistence in needless litigation.

Upon the motion to resettle the order, however, the evidence was conflicting as to this alleged offer by the husband; and in an affidavit by the relator's counsel it is positively asserted that, while the appellant did offer to allow the wife to see her children at times, "he at no time offered to allow her to have custody of the children for an equal length of time with himself," but, on the contrary, maintained that she was unfit to be their custodian. With the contradictory affidavits on this subject before him, the learned judge at special term apparently reached the conclusion that the recommendation in the referee's report as to the custody of the children was broader and more favorable to the mother than any offer actually made by the husband; and we are not inclined to interfere with his determination of this issue of fact. We think the affidavits on the motion to strike out the provision in reference to the disbursements may be considered in support of the original order, and, thus regarded, they afford sufficient warrant for charging the husband with such disbursements as may lawfully be taxed. While costs are not allowed in habeas corpus proceedings of a criminal nature (People v. New York Catholic Protectory, 106 N. Y. 604, 13 N. E. 435), this is a civil special proceeding, in which costs and disbursements may be awarded, in the discre-

tion of the court (Code Civ. Proc. § 3240; In re Barnett, 11 Hun, 468).

Nowhere in the papers, however, are any facts set forth which show that the appellant is properly chargeable with the amount fixed by the order. In our opinion, where such a charge is made against a party in a final order in habeas corpus proceedings, the circumstances which determine the sum charged should clearly appear before the court by which the order is made. It would be a reproach to the administration of justice in this state for any court to compel a parent, who had not voluntarily agreed to do so, to pay $3,000 in judicial expenses in order to secure an adjudication upon his claim to the custody of his children. The testimony in cases of this character should ordinarily be taken before the judges themselves; not because there are not equally able and conscientious referees, but in order to save expense to the parties, and because the judge who ultimately has to pass upon the question of the proper custody of the children, with reference to their interests and welfare, can do so much more intelligently where he has heard and seen the witnesses than where he merely reads their statement in the minutes of a stenographer. But the present case was sent to a referee by the consent of the parties, so they have no ground of complaint on that score; and we infer that some sort of stipulation must have been made as to the pay of the referee and the stenographers, or Mrs. Teese would not have paid, as she swears she has paid, $1,550 to the one, and $1,547.95 to the others.

The order denying the appellant's motion for a resettlement or amendment of the final order herein is reversed without costs, and the proceeding is remitted to the special term, to take proof as to the aggregate amount of disbursements legally payable to the referee and stenographers under the statute or any stipulation, and to amend such final order by inserting said amount therein as a charge against the appellant. All concur.