IN RE APPLICATION OF MAX SELICOW.
MAX SELICOW, APPELLANT, V. HENRY W. DUNN, APPELLEE.

FILED DECEMBER 19, 1916. No. 19589.

1. **Habeas Corpus:** REVIEW. Proceedings for a writ of habeas corpus are civil in their nature, and, under the present statute, can be brought to this court for review only by appeal. Petition in error is not the proper remedy.

2. ———: SCOPE OF WRIT. A writ of habeas corpus is not allowed to correct errors of inferior tribunals.

3. ———: RIGHT TO DISCHARGE. If an inferior court has jurisdiction of the proceedings upon complaint of violation of a statute or ordinance, and has not determined the case, the defendant is not entitled to release upon writ of habeas corpus on the ground of alleged invalidity of such statute or ordinance, unless such invalidity appears upon the face of the proceedings.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. E. von Dorn,* for appellant.

*John A. Rine* and *W. C. Lambert, contra.*

SEDGWICK, J.

The petitioner was arrested upon a complaint and warrant in the police court of Omaha, charging him with a violation of a regulation of the health commissioner. He applied to the district court for Douglas county for a writ of habeas corpus. A hearing was had

before the court, and upon the record and evidence the court denied the application and remanded the petitioner to the custody of the officer. The petitioner brought his case to this court for review.

1. We first observe that the record is very much incumbered by an attempt to present the case by the petitioner both as an appeal and as upon a petition in error, counsel for petitioner apparently being in doubt as to the proper method of obtaining a review of the case. The petitioner is entitled to have his case reviewed in this court under the constitutional provision, but the practice to be observed in obtaining such a review is regulated by the legislature. Formerly equity cases only could be brought to this court by appeal. All other cases, civil and criminal, were brought here for review by petition in error. This practice obtained without exception until the act of 1907 (Laws 1907, ch. 162). Shortly before the passage of that act, this court had decided that "the judgment of a district court in a proceeding in habeas corpus will not be reviewed by this court on appeal" (*In re Greaser,* 72 Neb. 612), but the act of 1907 provides that all proceedings to obtain a reversal in this court, "except judgments and sentences upon conviction for felonies and misdemeanors under the Criminal Code," shall be by appeal, and under that act it was decided: "Under the provisions of chapter 162, Laws 1907, providing for appeals to the supreme court, only judgments and sentences upon convictions for felonies and misdemeanors under the Criminal Code may be brought to this court by petition in error." *Brandt v. State,* 80 Neb. 843. The prosecution in that case was for a violation of an ordinance of the city of Hastings, and it was held that, even in such case, an appeal is the proper method of obtaining review in this court. Proceedings in habeas corpus have always been considered in this state as civil, and not criminal, in their nature. *In re Van Sciever,* 42 Neb. 772. In that case it was held that the

method of obtaining review was by petition in error, but under the practice at that time that rule applied to all cases, civil and criminal, except suits in equity. Again, in *State v. Decker*, 77 Neb. 33, it was decided that "the procedure to obtain a review in this court of a final order made by a district court or judge in a proceeding in habeas corpus must be such as is required to be followed for a like purpose in civil actions," and it was said that sections 483 and 515 of the Criminal Code (Rev. St. 1913, secs. 9124, 9185) "are not applicable to such actions as the present (habeas corpus), and this court is therefore without jurisdiction." Section 375 (Rev. St. 1913, sec. 9269) of the habeas corpus act was not mentioned in that decision, and although that section relates specifically to habeas corpus proceedings, and provides that habeas corpus proceedings "may be reviewed as provided by law in criminal cases," and had been in force for very many years when the statute of 1907 was enacted, and had been recognized and enforced by this court (*Atwood v. Atwater*, 34 Neb. 402), it must now be considered that the legislature in the act of 1907 modified this section as well as others at that time in force, and that now the only method of obtaining a review in this court in habeas corpus proceedings is by appeal.

2. There are 33 assignments of error in the appellant's brief, and among them it is assigned that the court erred in holding that the complaint filed against the petitioner stated an offense against the laws of the state of Nebraska. The complaint was in the police court of the city of Omaha. It alleged that the defendant did "disobey rules of the health commissioner in permitting children under 12 years to enter his show house during epidemic of fever, contrary to the city ordinances of the city of Omaha in such cases made and provided, and against the peace and dignity of the state of Nebraska." The complaint is quite informal, and perhaps lacks some of the necessary allegations in charg-

ing such an offense. Upon this complaint a warrant was issued which was less formal in charging the offense than was the complaint. On this warrant the defendant was arrested and brought before the court. No objection was made in the police court to the complaint or the warrant, so far as this record shows. The defendant immediately applied to the district court for a writ of habeas corpus. The district court appears to have taken a large amount of evidence in regard to the ordinances of the city, and the regulations of the board of health, and other similar matters. The district court should have inquired whether the police court had. attained jurisdiction of the defendant, and that would have determined the relator's right to a writ of habeas corpus. "A writ of habeas corpus is not a proceeding to correct errors." *In re Balcom,* 12 Neb. 316. "The writ of habeas corpus is not a corrective remedy, and is never allowed as a substitute for appeal or writ of error." *State v. Crinklaw,* 40 Neb. 759. *In re Langston,* 55 .Neb. 310; *Michaelson v. Beemer,* 72 Neb. 761. A person restrained under an unconstitutional law will be discharged on a writ of habeas corpus. *Ex parte Thomason,* 16 Neb. 238. In this last case a preliminary examination was had, and the. accused was held to await the action. of the grand jury. He failed to give bail, and was remanded to jail, and applied to this court for a writ of habeas corpus. In *In re Application of McMonies,* 75 Neb. 702, it was held: "The writ of habeas corpus will lie to relieve the relator therefor from arrest and detention for the violation of the provisions of a void municipal ordinance." In that case there had been no trial in a court of original jurisdiction. The opinion does not show whether the question of the validity of the ordinance, under which the prisoner was held, had been submitted to and determined by the justice. The ground of the decision is that the validity of the ordinance in question had just been determined by this court, and had been held to be invalid for the reason that the village

board had no power to enact such an ordinance, and it was held that, it being conceded that the ordinance was void, the relator was entitled to his discharge upon a writ of habeas corpus. In the case at bar the validity of the regulation of the board of health and its force and effect depend upon the construction to be given to various statutes of the state, and an ordinance of the city of Omaha. If the proceedings upon which the health officers were acting were void, that fact did not appear upon the face of the complaint or the warrant, and the question of the validity and force of those regulations was a matter of defense before the police magistrate. The errors of that court, if any, could be corrected by a reviewing court, not by proceedings in habeas corpus. It follows that the errors assigned upon the rulings of the district court in receiving and excluding evidence and other similar matters are immaterial here.

The judgment of the district court is right, and is

AFFIRMED.