THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARQUIS CURTIS, Appellant, *v.* HARRY R. KIDNEY as Agent and Warden of AUBURN PRISON, Respondent.

**Habeas corpus — constitutional law — special proceedings — writ to inquire into the detention of one imprisoned, or held in custody, for a crime, is a civil, not a criminal, process, a special proceeding to enforce a civil right — appeal from order dismissing a writ not appealable as involving a constitutional question.**

1. A writ of habeas corpus to inquire into the detention of one confined in a prison under conviction and sentence is a civil, not a criminal, proceeding, classified by the Code of Civil Procedure as a state writ (§ 1991) and as a civil special proceeding (§§ 3333–3337, 3343, subd. 20) to enforce a civil right, although its purpose is to effect the release of the person from imprisonment or custody under a criminal prosecution:

2. Where an order of a County Court dismissing a writ of habeas corpus and remanding the relator has been unanimously affirmed by an order of the Appellate Division an appeal cannot be taken to the Court of Appeals unless the appeal involves the construction of the Constitution of this state or of the United States (Code Civ. Pro. § 190), and where the appellant avers that he is held in imprisonment by virtue of a sentence and judgment which the court had not the power to render and which is, therefore, void, but the appeal involves only the determination of the meaning and not the validity of the statutes conferring jurisdiction upon the court, and does not present the constitutionality of the statutes in question or the construction of the Constitution of the state, such appeal must be dismissed.

*People ex rel. Curtis* v. *Kidney,* 183 App. Div. 451, appeal dismissed.

(Submitted December 10, 1918; decided January 14, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 5, 1918, which *unanimously* affirmed an order of the Cayuga County Court dismissing a writ of habeas corpus and remanding the relator to custody.

The facts, so far as material, are stated in the opinion.

*Marquis Curtis*, appellant, in person. An appeal properly lies to this court. Constitutional questions are involved. (*Meigan* v. *Row*, 166 App. Div. 175; 216 N. Y. 677; *Halpern* v. *Sanjorasck Bros.*, 169 App. Div. 468; *People ex rel. Buckbee* v. *Biggs*, 171 App. Div. 373; *Chandler* v. *Avery*, 47 Hun, 9; *People* v. *Calabur*, 91 App. Div. 529; *Wiemer* v. *Brambury*, 30 Mich. 201; *Stuart* v. *Palmer*, 74 N. Y. 183; *People ex rel. Witherbee* v. *Supervisors*, 70 N. Y. 234.)

*Benn Kenyon* and *Harry E. Lewis*, *District Attorneys* (*Harry G. Anderson* of counsel), for respondent. The order is not appealable to this court as a matter of right. (Code Civ. Pro. § 190.)

COLLIN, J. Marquis Curtis, confined in the prison at Auburn under conviction and sentence, secured the writ of habeas corpus to inquire into the cause of his detention, returnable on April 1, 1918, before the county judge of Cayuga county. The County Court, after a hearing, by an order, dismissed the writ and remanded him. The Appellate Division, upon his appeal, by its order entered June 5, 1918, unanimously affirmed the order of the County Court. The appeal here is from the order of affirmance.

At the outset, we must determine whether or not we have the power or jurisdiction to review the unanimous order of the Appellate Division, or, in more direct statement, whether the proceeding by writ of habeas corpus is a civil proceeding or a criminal proceeding. If it is a civil proceeding we have not power to review the order, because of the restriction imposed by section one hundred and ninety of the Code of Civil Procedure in this language: " From and after the 31st day of May, 1917, the jurisdiction of the court of appeals shall, in civil actions and proceedings, be confined to the review upon

appeal of an actual determination made by an appellate division of the supreme court in either of the following cases, and no others: 1. An appeal may be taken as of right to said court from a judgment or order entered upon the decision of an appellate division of the supreme court which finally determines an action or special proceeding where is directly involved the construction of the constitution of the state or of the United States, or where one or more of the justices of the appellate division dissents from the decision of the court, or where the judgment or order is one of reversal or modification." The section has three other subdivisions, not one of which has a relevancy to the order here. We have uniformly held that all proceedings in a criminal action or proceeding are, generally speaking, governed by the Code of Criminal Procedure. (*People* v. *Redmond*, 225 N. Y. 206.) The Code of Criminal Procedure does not contain an enactment like unto section one hundred and ninety of the Code of Civil Procedure. The appeal at bar does not involve the construction of the Constitution of the state or of the United States, nor did a justice of the Appellate Division dissent from its decision. Therefore, if the appeal is in a civil proceeding, it must, under the mandate of the statute, be dismissed.

It has been stated by text-writers and in judicial opinion that the courts of England have not declared the proceeding by the writ of habeas corpus to inquire into the cause of detention either civil or criminal in its nature. (*Martin* v. *District Court*, 37 Colo. 110. See, also, *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *Simmons* v. *Georgia Iron & Coal Co.*, 117 Ga. 305.) The courts of our country, compelled by legislative enactments regulating appellate jurisdiction or other matters of procedure, have been constrained to be more bold. In *Ex parte Tom Tong* (108 U. S. 556) is, unquestionably, the leading decision determining the nature of the proceed-

ing. There, as here, the jurisdiction of the court depended on whether the proceeding was to be treated as civil or criminal; if civil, the court had not, if criminal, it had jurisdiction. The petitioner, Tom Tong, was restrained of his liberty, because of alleged violation of law, under criminal process. The court said: "Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. This petitioner claims that the Constitution and a treaty of the United States give him the right to his liberty, notwithstanding the charge that has been made against him, and he has obtained judicial process to enforce that right. Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution." (p. 559.) It refused to take jurisdiction. It has consistently followed the decision. (*Kurtz* v. *Moffitt*, 115 U. S. 487, 494; *Cross* v. *Burke*, 146 U. S. 82, 88; *Matter of Frederich*, 149 U. S. 70, 75; *Fisher* v. *Baker*, 203 U. S. 174, 181.) Its reasoning and conclusion have been adopted by the greater number of the states in which codes regulate procedure. (*State ex rel. Durner* v. *Huegin*, 110 Wis. 189, 220; *Matter of Thompson*, 85 N. J. Eq. 221, 248; *Selicow* v. *Dunn*, 100 Neb. 615; *Henderson* v. *James*, 52 Ohio St. 242, 259;

*State ex rel. Board of Education of St. Louis* v. *Nast,* 209 Mo. 708, 731; *State ex rel. Beekley* v. *McDonald,* 123 Minn. 84; *Orr* v. *Jackson,* 149 Iowa, 641; *State ex rel. Brandegee* v. *Clements,* 52 Montana, 57.) A few of the states declare the doctrine that the cause of the restraint determines whether the proceeding be civil or criminal. If the applicant for the writ be restrained by reason of the commission of a crime or of a criminal charge it is criminal; if otherwise it is civil. (*Legate* v. *Legate,* 87 Texas, 248; *Gleason* v. *Board of Commissioners of McPherson County,* 30 Kansas, 53.)

The legislature of this state has classified the proceeding as a civil proceeding. The Code of Civil Procedure enumerates the writ as a state writ (Section 1991), and contains elaborate provisions regulating the exercise of the common-law power to issue and adjudge it (Sections 2015–2066), including those relating to rights of appealing (Sections 2058–2064; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46). It is a special proceeding (Sections 3333, 3334). The title relating to state writs is designated, " Special Proceedings instituted by State writ," and sections within the title frequently refer to such proceedings as special. It is a civil special proceeding (Section 3343, subdiv. 20). The Code of Criminal Procedure defines " Special proceedings of a criminal nature." (Section 2; part VI.) The proceeding by writ of habeas corpus is not one of the special proceedings of a criminal nature, and, assuredly, it is not within the definition of a criminal action. (Code of Civil Procedure, sections 3335, 3336, 3337; Code of Criminal Procedure, section 5.) The Code of Criminal Procedure does not contain a provision authorizing or permitting an appeal to the Appellate Division from the final order in the habeas corpus proceeding (Sections 515, 517, 749, 750), and it applies only to criminal actions, and all other proceedings in criminal cases which are therein provided

for (Section 962). The proceeding by writ of habeas corpus is not therein provided for and is not thereby classified as a special proceeding of a criminal nature. (*People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219.)

While the legislative classification is not controlling, because the legislature cannot, in such manner, create or destroy the actual nature of an action or proceeding, it is very significant and is in accord with the highest judicial opinion. We hold that the proceeding by the writ of habeas corpus to inquire into the cause of the detention of a person is a civil special proceeding to enforce a civil right, although its purpose is to effect the release of the person from imprisonment or custody under a criminal prosecution.

Legislative enactments prescribing and defining the rights of appeal are with us imperative. We have no jurisdiction to hear an appeal unless it is conferred by statute. Courts which are created by written law, and whose jurisdiction is, as is ours, defined by written law, cannot transcend that jurisdiction. This is the established rule in all actions and proceedings, civil or criminal or of a criminal nature. (*People ex rel. Commissioners of Charities* v. *Cullen,* 151 N. Y. 54.) Section one hundred and ninety forbids us from reviewing the order here appealed from. There is no merit in the appellant's assertion and argument that this proceeding directly involved the construction of the Constitution of the state. He avers that he is held in imprisonment by virtue of a sentence and judgment which the court had not the power to render and, therefore, are void. Whether or not the court had the power is determinable only through the interpreting of statutes. The meaning and not the validity of the statutes is involved. In a certain sense, perhaps, each enforcement of a statute by a court involves its constitutionality or the construction of the Constitution of the state. That sense,

however, was not within the legislative mind or intention in enacting the present restriction of our jurisdiction. An appeal, upon the ground the appellant here asserts, must present to us directly and primarily an issue determinable only by our construction of the Constitution of the state or of the United States. (*People ex rel. Moss* v. *Supervisors of Oneida Co.*, 221 N. Y. 367; *Matter of Haydorn* v. *Carroll*, 225 N. Y. 84.)

The appeal should be dismissed but, as the costs are discretionary (Code of Civil Procedure, sections 3240, 2007; *Matter of Holden*, 126 N. Y. 589; *Matter of Teese*, 32 App. Div. 46; *Matter·of Barnett*, 11 Hun, 468), without costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Appeal dismissed.