HENRY HAWK, APPELLANT, V. JOSEPH O'GRADY, WARDEN, APPELLEE.

290 N. W. 911

FILED MARCH 8, 1940. No. 30708.

*Henry Hawk, pro se.*

*Walter R. Johnson, Attorney General,* and *George W. Ayres, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

Henry Hawk, this record discloses, presented his petition for a writ of habeas corpus to the district court for Lancaster county. On the basis that the petition was wholly insufficient to constitute a cause of action, the prayer of the same was denied. Hawk appeals.

From the record before us, it appears that Henry Hawk was convicted in the district court for Douglas county, Nebraska, of "First Degree Murder while attempting to rob," and on March 19, 1936, it was considered, ordered and adjudged by that court "that the defendant, Henry Hawk * * * be returned to the Federal Penitentiary at Leavenworth, Kansas, and at the expiration of the sentence he is now serving therein, he be by the warden of the said Federal Penitentiary delivered into the custody of the sheriff of Douglas county, Nebraska, *and be taken by said sheriff to the Nebraska State Penitentiary at Lincoln, Nebraska, and that said defendant be there imprisoned at hard labor during the term of his natural life.*" (Italics ours.)

At the time of his trial and sentence in the district court for Douglas county, Hawk was under sentence imposed by the federal court. The order made by the state court was no more than a mere recognition of that fact, consistent with comity which prevails between these jurisdictions. The valid sentence imposed by the district court for Douglas county we have indicated by italics above. It is under these provisions, so italicized, that the petitioner is detained in custody. Even if the provisions of the order and sentence relative to delivery of custody of the prisoner to the federal

officers and the return of the custody of the prisoner to the sheriff of Douglas county on completion of his federal sen-- tence were to be deemed in excess of the powers of the district court for Douglas county, still under existing circumstances Hawk would be entitled to no relief.

We are committed to the rule that, "On an application for a writ of habeas corpus, errors or irregularities in the criminal trial, not jurisdictional, will not be considered." *In re Fanton*, 55 Neb. 703, 76 N. W. 447.

And, to obtain release by habeas corpus, the judgment or sentence must be an absolute nullity. *Hulbert v. Fenton,* 115 Neb. 818, 215 N. W. 104.

So far as the sentence in this case imposing punishment by confinement in the state penitentiary is concerned, it is regular and in strict accord with the statutes.

It follows that the denial of the writ of habeas corpus by the district court for Lancaster county, because of the manifest insufficiency of the application for the same, was, in all respects, proper, and is approved.

AFFIRMED.