CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1920.

FRED GILLARD v. MICHAEL L. CLARK, SHERIFF.

FILED SEPTEMBER 27, 1920. No. 21455.

1. Habeas Corpus: DISCHARGE OF PRISONER: RIGHT OF APPEAL. A public officer entrusted with the custody of a prisoner, who is made respondent in a habeas corpus proceeding, has the right to have reviewed an order discharging the prisoner from custody.

2. Appeal: MOTION FOR NEW TRIAL: REVIEW. This court will not consider a showing that a party was "unavoidably prevented" from filing his motion for a new trial within the statutory time, so as to permit a review of the questions raised by the motion for a new trial, where the showing was not filed in the district court until after the motion was overruled, and there is nothing to indicate that the district court had the facts before it, so that it was at liberty to consider, or did consider, the merits of the motion.

3. Habeas Corpus: VENUE. An application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined.

4. ———: JURISDICTION. Where application is made for a writ of habeas corpus to the district court of a county other than the one in which the prisoner is confined, and the officer in whose custody the prisoner is held brings the latter into court and submits to the jurisdiction without objection, the prisoner is then under confinement in the county where the action is brought and the court has authority to inquire into the legality of his restraint.

5. ———: APPLICATION: SUFFICIENCY. An application for a writ of habeas corpus, which shows that the petitioner has been convicted of a felony on a plea of not guilty, without a jury trial, of nonsupport of his wife and child, and has been committed to jail, states facts sufficient to warrant the issuance of the writ.

(84)

ERROR to the district court for Franklin county: WIL-LIAM A. DILWORTH, JUDGE. *Affirmed.*

*Baker & Ready* and *Samuel O. Cotner,* for plaintiff in error.

*Bernard McNeny, contra.*

MORRISSEY, C. J.

The district court for Douglas county sentenced Fred Gillard to 60 days in the county jail for nonsupport of his wife and child. Gillard applied to the district court for Franklin county for a writ of habeas corpus, alleging that his commitment was illegal. A hearing was had and the petitioner was ordered discharged. Respondent, the sheriff of Douglas county, has brought the case to this court for review.

A motion to dismiss the petition in error has been filed by the petitioner on the grounds, among others, that an order discharging a prisoner on habeas corpus is not reviewable; that, if such order is reviewable, the proceedings must be taken by the state through the attorney general, or his representative, and cannot be brought by a custodial officer; and that the motion for a new trial was not filed within the statutory time.

1. At common law a judgment remanding or discharging a prisoner in a habeas corpus proceeding was not reviewable. 12 R. C. L. 1256, sec. 74. In this state, however, the right of review in such cases has always been recognized. And ever since *Atwood v. Atwater,* 34 Neb. 402, where the question appears first to have been raised, this review has been permitted to the state as well as the petitioner. There is no force in the petitioner's argument that the only right of review in a habeas corpus proceeding, where the prisoner has been discharged, is under section 515 of the Criminal Code (Rev. St. 1913, sec. 9185), on exceptions taken by the attorney general or county attorney for the purpose of

obtaining a ruling from this court on a question of law, but in no way affecting the liberty of the petitioner.

2. Was the respondent a proper party to prosecute this case? It is well established that a public officer entrusted with the custody of a prisoner who is made respondent in a habeas corpus proceeding has the right to a review of an order discharging the prisoner. *State v. Huegin,* 110 Wis. 189, 62 L. R. A. 700; *Miller v. Gordon,* 93 Kan. 382; *Davis v. Smith,* 7 Ga. App. 192. These cases are in accord with the spirit of our Code provisions.

3. We come now to a consideration of the motion for a new trial. The judgment of the trial court was rendered October 15, 1919. The motion for a new trial was filed October 17, 1919. Court had adjourned its term October 16, 1919. The motion was filed within the three-day period prescribed by statute, but not before the close of the term. At a subsequent term the court overruled the motion. On the succeeding day respondent filed a showing that he was "unavoidably prevented" from filing the motion for a new trial during the term at which the judgment was rendered. Whatever may be the sufficiency of the showing to excuse the delay in filing the motion for a new trial, we cannot consider the affidavit for the reason that there is nothing in the record to indicate that the district court was ever apprised of the facts contained in it. We are therefore not at liberty to review any of the questions which were required to be presented to the district court by motion for a new trial. *Tait v. Reid,* 91 Neb. 235.

4. This does not, however, prevent us from passing upon the question whether the district court had jurisdiction to issue the writ in this case. In *In re White,* 33 Neb. 812, this court held that ordinarily habeas corpus proceedings should be instituted in the county where the unlawful restraint is alleged to exist. In *State v. Porter,* 78 Neb. 811, it was held that, when the right of personal liberty makes it necessary, the district court or a judge thereof at chambers may, in the exercise of a sound

Gillard v. Clark.

legal discretion, issue a writ of habeas corpus to another county of the state outside of his judicial district. That case involved the right to the custody of a child as between father and grandparents. The argument in support of permitting the writ to issue to another county of the state can have no force in a case like the present where the petitioner is confined under sentence of court, presumed to be lawful. Nor is any reason apparent why a public officer, having a prisoner in custody under mandate of court, should be required to appear in another county and defend against a proceeding in habeas corpus. The prisoner is not subjected to hardship in the matter of procuring witnesses or in other incidents of trial by being required to bring his action in the county where he is confined, since the question to be determined is not one of complex fact, but simply one of law as to the validity of the proceedings under which the commitment was made. We are therefore of the opinion that an application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined. 12 R. C. L. 1218, sec. 38. And where proceedings are instituted in another county, it is the duty of the court, on objection to its jurisdiction, to dismiss the proceedings.

5. But where application is made for a writ of habeas corpus to the dstrict court of a county other than that in which the prisoner is confined, and the officer in whose custody the prisoner is held brings the latter into court and submits to the jurisdiction without objection, the prisoner is then under confinement in the county where the action is brought, and the court has authority to inquire into the legality of his restraint. In this case respondent filed an answer and return stating: "That as respondent in this action, he now has the said George Fred Gillard in court, subject to the order of this court." The judgment of the district court for

Franklin county cannot therefore be set aside for want of jurisdiction.

6. One other question is presented by respondent which we are at liberty to consider, namely, whether the application states facts sufficient to authorize the issuance of the writ. The application shows that the petitioner was denied a jury trial, and this, although the charge on which he was tried was a felony, being punishable, in the discretion of the court, with a penitentiary sentence. This fact is one which would make the commitment void. *Michaelson v. Beemer*, 72 Neb. 761. No copy of the complaint or information filed against the petitioner is contained in the record, and there is no way for us to determine whether he ever was lawfully charged with crime. Under the circumstances, the judgment of the district court must be affirmed.

AFFIRMED.

DEAN and ALDRICH, JJ., not sitting.