## (February 20, 1970)

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VALENTINE ANTONIO NEGRON, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, denying an application for a writ of habeas corpus without a hearing. Special Term erred in denying the application for the writ on the basis of a pending action in federal court. Such action was clearly not similar to the one brought before the trial court. Appellant alleges that he was transferred to Dannemora without a hearing despite a demand therefore made by his family pursuant to section 383 of the Correction Law. If appellant's allegations are presumed correct his transfer would be improper and the writ should thus have been issued (see *People ex rel. Brown* v. *Johnston*, 9 N Y 2d 482). However, the State alleges that appellant was sent to Dannemora pursuant to subdivision 7 of section 383 which provides for a temporary transfer without a hearing pending judicial proceedings upon the affidavit of two examining physicians that the Warden is unable to properly care for the prisoner at the prison and that the prisoner is in need of immediate treatment. This is arguably possible on the facts available, but the instant record is so devoid of any proof as to the actual basis of the transfer and facts surrounding it that a decision is not possible at this posture. The reason for this is that appellant's petition does not comply with CPLR 7002 (subd. [c], par. 1) in that the mandate under which he is confined is not annexed. Accordingly, the petition was properly denied (*People ex rel. Gantz* v. *Herold*, 24 A D 2d 776, mot. for lv. to app. den. 17 N Y 2d 420). We pass on no further issues raised by appellant at this time. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.