EDDIE ADDISON, APPELLANT, V. ROBERT PARRATT, WARDEN, NEBRASKA PENAL AND CORRECTIONAL COMPLEX, APPELLEE.

284 N. W. 2d 574

Filed October 23, 1979. No. 42665.

Roger C. Lott, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Petitioner's application for a writ of habeas corpus was dismissed by the District Court for lack of jurisdiction. Petitioner appeals.

In his application petitioner alleged he had been convicted of various felonies in the District Courts for Sheridan, Dawes, and Scotts Bluff Counties, Nebraska, and the Circuit Court of Pennington County, South Dakota, and three additional felonies in the District Court for Sheridan County, each resulting in enhanced sentences under the habitual criminal statute, section 29-2221, R. R. S. 1943, based on his prior convictions set forth above. He further alleged that his convictions as to the habitual criminal counts were void because the multiple use of the same past convictions constitutes double jeopardy and cruel and unusual punishment, so as to deprive him of due process of law and equal protection of the laws. In addition, he attached to his application, as exhibits, motions to vacate judgments and sentences relating to District Court for Sheridan County cases, Nos. C-1406, C-1407, and C-1443, and District Court for Dawes County case No. 10161 generally on grounds of incompetent counsel. There is no way to determine from the record whether these latter cases are the same ones referred to in his application.

He asked that respondent show cause why petition-

er's custody by him was not illegal and that upon hearing petitioner be discharged from respondent's custody.

On February 6, 1979, the trial judge wrote to the petitioner stating that he assumed "that but one case is to be filed which is the Application for a Writ of Habeas Corpus, and that the four 'Motions to Vacate and Set Aside Judgment and Sentence Entered Herein' are to be attached as exhibits to that application." He went on to advise that the application would be taken up the morning of February 14, 1979. Petitioner did not respond to Judge Moran's letter, but at the hearing an attorney appeared simply as an observer to report to the petitioner. The county attorney appeared and objected to the court's jurisdiction.

It is apparent from the application that both petitioner and respondent were at all times residing in Lancaster County, the one as an inmate at and the other as the warden of the Nebraska Penal and Correctional Complex. In Gillard v. Clark, 105 Neb. 84, 179 N. W. 396 (1920), we said: "We are therefore of the opinion that an application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined. * * * And where proceedings are instituted in another county, it is the duty of the court, on objection to its jurisdiction, to dismiss the proceedings."

The trial court was correct in dismissing this application for lack of jurisdiction and its action in so doing is affirmed, but without prejudice to the petitioner to institute post conviction relief proceedings in the proper manner if he so desires.

AFFIRMED.