DONNELLE GALLION, APPELLANT, V. WILLIAM ZINN, APPELLEE.

459 N.W.2d 214

Filed August 10, 1990.   No. 89-1270.

Donnelle Gallion, pro se.

Robert M. Spire, Attorney General, and Lynn A. Melson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

On July 14, 1989, Donnelle Gallion, pursuant to Neb. Rev. Stat. §§ 29-2801 et seq. (Reissue 1989), filed his pro se petition for habeas corpus relief in the district court for Lancaster County. Gallion's petition was directed toward William Zinn, executive director of the Lincoln Regional Center.

Section 29-2801 provides:

> If any person, except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, the punishment whereof is capital, plainly and specially expressed in the warrant of commitment, now is or shall be confined in any jail of this state, or shall be unlawfully deprived of his or her liberty, and shall make application, either by him or herself or by any person on his or her behalf, to any one of the judges of the district court, or to any county judge, *and does at the same time produce to such judge a copy of the commitment or cause of detention of such person*, or if the person so imprisoned or detained is imprisoned or detained without any legal authority, upon making the same appear to such judge, by oath or affirmation, it shall be his duty forthwith to allow a writ of habeas corpus, which writ shall be issued forthwith by the clerk of the district court, or by the county judge, as the case may require, under the seal of the court whereof the person

allowing such writ is a judge, directed to the proper officer, person or persons who detains such prisoner.

(Emphasis supplied.)

In his petition, Gallion alleged that he was entitled to habeas corpus relief because

[m]y court appointed counsel . . . fraudulently manufactured a false document (written order dated 26 July 1988) which falsely states that I attended a hearing at which I requested to be transfered [sic] to the [Lincoln Regional] Center for a competency evaluation. [Counsel] advanced this fraudulent document to the Center with the intent that the officials of this center accept the document as a legal and enforceable order of the court and that I be detained and evaluated by the staff at the Center.

2. My Constitutional right to due process has been denied me—I was not provided with a hearing before being transfered [sic] to the Lincoln Regional Center as prescribed in Vitek vs. Jones 445 U.S. 480, 63 L. Ed. 2d 552.

On August 9, the district court issued an order requiring Zinn to show cause why the requested habeas corpus relief should not be granted. On September 6, the Attorney General of Nebraska, on behalf of Zinn, filed a motion in which Zinn alleged that "[t]he petition for writ of habeas corpus does not state facts sufficient, if true, to entitle the plaintiff to the writ prayed for" and requested that Gallion's habeas corpus action be dismissed. After a hearing, in which Gallion participated, on October 4, the district court sustained Zinn's motion and dismissed Gallion's habeas corpus action.

Gallion appeals and contends that he has made a sufficient showing for habeas corpus relief.

In *Swanson v. Jones*, 151 Neb. 767, 768, 39 N.W.2d 557, 559 (1949), this court, considering the availability of habeas corpus relief, stated: "Such a writ [of habeas corpus] is not demandable of course, but legal cause therefor must be shown as a prerequisite of judicial action favorable to petitioner." See, *Sedlacek v. Hann*, 156 Neb. 340, 56 N.W.2d 138 (1952); *In re Application of Dunn*, 150 Neb. 669, 35 N.W.2d 673 (1949); *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 14 N.W.2d

840 (1944).

As we interpret the allegations in Gallion's petition, Gallion claims that, on July 26, 1988, his lawyer, apparently court-appointed in the prosecution of some criminal charge against Gallion, obtained an order in some court authorizing Gallion's commitment to and detention in the Lincoln Regional Center, and that the findings expressed in the commitment order are false. Our interpretation is borne out by Gallion's statement in his brief: "Appellant states that he is a pretrial detainee who was transferred to the Lincoln Regional Center for an evaluation of his competency to stand trial." Brief for appellant at 1.

At no time did Gallion present to the district court in this case a "copy of the commitment or cause of detention" of Gallion, although Gallion's petition for relief is based on the order of commitment and detention apparently entered in the proceedings to determine Gallion's competency to stand trial. Since Gallion sought relief pursuant to § 29-2801, in addition to pleading sufficient facts to warrant habeas corpus relief, Gallion was required to produce for the district court a copy of the order under which Gallion was committed to and detained in the Lincoln Regional Center. The absence of the statutorily required copy of the commitment and detention order, an issue which we find was raised by Zinn's motion, prevented the district court from proceeding to the relief sought by Gallion's habeas corpus action.

Therefore, we find that the district court properly dismissed Gallion's action for habeas corpus relief.

AFFIRMED.