IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

HARRISON V. DEPARTMENT OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DAVID K. HARRISON, APPELLEE,
V.
DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.

Filed May 27, 2014.    No. A-13-865.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Affirmed.

David K. Harrison, pro se.

Jon Bruning, Attorney General, and George R. Love for appellees.

INBODY, Chief Judge, and IRWIN and BISHOP, Judges.

BISHOP, Judge.

David K. Harrison appeals from the decision of the district court for Douglas County denying Harrison's petition for a writ of habeas corpus because the court lacked jurisdiction. We affirm, but for a different reason.

BACKGROUND

Harrison was convicted of first degree murder for the June 4, 1984, shooting death of his wife, and he was sentenced to life in prison. Harrison has apparently exhausted his postconviction remedies.

On July 10, 2013, Harrison, who was incarcerated in the Tecumseh State Correctional Institution, filed a "petition for writ of habeas corpus and equilty [sic] relief" with the district court for Douglas County. In his petition, Harrison alleged that he was being "unlawfully detained and restrained of his liberty due to judicial misconduct which occurred during his murder trial and jury conviction." He alleged that prior to jury deliberation, there had been ex parte communication between the trial court and several jurors resulting in structural error and violating his right to due process, right to confront, and right to effective assistance of counsel.

He alleged that because of the ex parte communication and contact, his conviction was void or voidable.

On July 23, 2013, the State filed a motion to dismiss Harrison's petition pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6), alleging that the court lacked jurisdiction to decide the petition or, alternatively, that the petition failed to state a claim upon which relief may be granted.

In its order filed on August 19, 2013, the court noted that (1) in his writ, Harrison acknowledged that he and the respondents are located in Tecumseh, Nebraska, and (2) Tecumseh is not located in Douglas County. Citing to *Addison v. Parratt*, 204 Neb. 656, 284 N.W.2d 574 (1979), and *Gillard v. Clark*, 105 Neb. 84, 179 N.W. 396 (1920), the court found that it lacked jurisdiction and denied Harrison's petition for writ of habeas corpus. Harrison filed a motion to alter or amend judgment, which was denied. Harrison appeals.

ASSIGNMENTS OF ERROR

Harrison assigns that the district court erred in (1) failing to issue the writ of habeas corpus under Neb. Rev. Stat. § 29-2801 (Reissue 2008), (2) denying him an opportunity to present evidence and refute the reason for dismissal of the habeas complaint, and (3) denying his motion to alter or amend judgment.

STANDARD OF REVIEW

On appeal of a habeas petition, we review the trial court's factual findings for clear error and its conclusions of law de novo. *Poindexter v. Houston*, 275 Neb. 863, 750 N.W.2d 688 (2008).

ANALYSIS

While the State sought dismissal of Harrison's writ for an alleged lack of jurisdiction, and the district court ultimately denied Harrison's writ for lack of jurisdiction based on older Nebraska cases, we find that more recent authority suggests that the writ should have been disposed of for improper venue, not lack of jurisdiction.

Older Nebraska cases do state that when a petition for writ of habeas corpus is filed in a different county than where the prisoner is incarcerated, the petition should be dismissed for lack of jurisdiction. See *Addison v. Parratt, supra* (finding Sheridan County District Court correctly dismissed petitioner's application for writ of habeas corpus for lack of jurisdiction when petitioner and respondent were residing in Lancaster County). See, also, *Gillard v. Clark, supra* (stating that application for writ of habeas corpus to release prisoner confined under sentence of court must be brought in county where prisoner is confined; and where proceedings are instituted in another county, it is duty of court, on objection to its jurisdiction, to dismiss proceedings). However, in a more recent case, *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008), the Nebraska Supreme Court stated that the argument that a habeas corpus action should have been brought in a different county is perhaps a challenge to venue, rather than subject matter jurisdiction.

In *Anderson v. Houston, supra*, David J. Anderson was incarcerated in the state penitentiary in Lancaster County when he filed a writ of habeas corpus in Douglas County

District Court. At the initial hearing, the Nebraska Department of Correctional Services (Department) waived any objection to jurisdiction in Douglas County. Anderson was then transported from the state penitentiary to the Douglas County Correctional Center by the Douglas County sheriff. Sometime later, however, the Department attempted to quash Anderson's habeas corpus petition on the ground that the Douglas County District Court lacked subject matter jurisdiction. After an evidentiary hearing, the district court concluded that it had jurisdiction and ultimately granted Anderson's writ. The Department appealed, claiming in part that the district court for Douglas County did not have subject matter jurisdiction over Anderson's habeas petition because Anderson was confined in Lancaster County. The Supreme Court concluded that this was a venue issue, not a jurisdiction issue, stating:

> The argument that the case should have been brought in the district court for Lancaster County as opposed to the district court for Douglas County is perhaps a challenge to venue rather than subject matter jurisdiction. The difference is significant. For one, litigants cannot confer subject matter jurisdiction upon a tribunal by acquiescence or consent. In contrast, venue provisions confer a personal privilege which may be waived by the defendant.

> In addition, we think it clear that the Douglas County District Court had subject matter jurisdiction in this case. Under Nebraska law, an application for habeas relief may be made to "*any* one of the judges of the district court, or to any county judge." [§ 29-2801.] Because "any" district judge obviously includes the district court for Douglas County, it is beyond dispute that the district court for Douglas County had subject matter jurisdiction over Anderson's habeas claim.

> But while the above language makes clear that any and all district courts in Nebraska have subject matter jurisdiction over habeas claims, it does not identify which county's district courts may hear habeas claims. This issue--essentially a question of venue--is the issue which lies at the heart of the Department's argument. To resolve that question, we turn to [*Gillard v. Clark*, 105 Neb. 84, 87, 179 N.W. 396, 398 (1920)], in which this court held that "an application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined. [Citation omitted.] And where proceedings are instituted in another county, it is the duty of the court, on objection to its jurisdiction, to dismiss the proceedings."

> Relying on *Gillard*, the Department points out that Anderson was confined in the Nebraska State Penitentiary in Lancaster County, yet sought habeas relief in the district court for Douglas County. In effect, the Department appears to suggest that the district court for Douglas County was not the proper venue to litigate the merits of Anderson's habeas claim.

*Anderson v. Houston*, 274 Neb. 916, 922-23, 744 N.W.2d 410, 416-17 (2008). The Supreme Court found that although the Department would have been correct under the general rule stated in *Gillard v. Clark*, 105 Neb. 84, 179 N.W. 396 (1920), other language in *Gillard* provided for a narrow exception applicable to Anderson's case because Anderson had been transferred to a correctional facility in Douglas County:

[W]here application is made for a writ of habeas corpus to the district court of a county other than that in which the prisoner is confined, and the officer in whose custody the prisoner is held brings the latter into court and submits to the jurisdiction without objection, the prisoner is then under confinement in the county where the action is brought, and the court has authority to inquire into the legality of his restraint.

*Id.* at 87, 179 N.W. at 398. The exception in *Gillard* does not apply to Harrison's case, because he was never transferred to a correctional facility in Douglas County. Harrison remained in Tecumseh, located in Johnson County, at all relevant times.

Pursuant to the rationale in *Anderson v. Houston, supra*, and *Gillard v. Clark, supra*, Douglas County District Court was the improper venue to litigate the merits of Harrison's habeas claim because Harrison was confined in Johnson County, not in Douglas County. The Douglas County District Court denied Harrison's writ for lack of jurisdiction, which in effect resulted in the dismissal of Harrison's action on that basis. Pursuant to *Anderson v. Houston, supra*, we find that the district court should have dismissed Harrison's petition for improper venue rather than lack of jurisdiction. Accordingly, we affirm the district court's dismissal of Harrison's petition for writ of habeas corpus, but for a different reason. See *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005) (where record demonstrates that decision of trial court is ultimately correct, although such correctness is based on ground or reason different from that assigned by trial court, appellate court will affirm).

Because we have determined that the Douglas County District Court was not the proper venue to litigate Harrison's habeas claim, we need not address his remaining assignments of error. See *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

For the reason set forth above, we affirm the district court's dismissal of Harrison's petition for writ of habeas corpus.

AFFIRMED.