KEEVA T. O'NEAL, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
___ N.W.2d ___

Filed May 22, 2015.    No. S-14-262.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.
2. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. ____: ____. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.
5. **Courts: Habeas Corpus: Jurisdiction: Venue.** By statute, any and all district courts in Nebraska have subject matter jurisdiction of claims for habeas corpus relief. The determination of which district court should hear a habeas petition is essentially a question of venue and not one of jurisdiction.
6. **Venue: Waiver.** Unlike jurisdiction, venue is a personal privilege which, if not raised by a party, is waived unless prohibited by law.
7. ____: ____. A claim of improper venue is a matter that may be waived by failure to make a timely objection.
8. **Venue: Time.** For an objection to venue to be timely in a civil case, it must be raised before or in the defendant's answer.
9. **Jurisdiction: Venue: Words and Phrases.** Jurisdiction and venue are not synonymous and interchangeable functions in litigation.
10. **Habeas Corpus: Jurisdiction.** The failure to attach a copy of the relevant commitment order to a petition for a writ of habeas corpus does not prevent a court from exercising jurisdiction over that petition.
11. **Appeal and Error.** A proper result will not be reversed merely because it was reached for the wrong reason.
12. **Constitutional Law: Habeas Corpus.** A writ of habeas corpus in the State of Nebraska is quite limited in comparison to those of federal courts, which allow a writ of habeas corpus to a prisoner when he or she is in custody in violation of the federal Constitution, law, or treaties of the United States.
13. **Judgments: Collateral Attack.** Only a void judgment may be collaterally attacked.
14. **Habeas Corpus: Jurisdiction: Sentences.** A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.
15. **Habeas Corpus.** A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Renee L. Mathias, of Schaefer Shapiro, L.L.P., for appellant.

Keeva T. O'Neal, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## I. NATURE OF CASE

Keeva T. O'Neal, an inmate at the Nebraska State Penitentiary in Lincoln, Nebraska, appeals from the order of the district court which denied his petition for a writ of habeas corpus. Because we find that the district court reached the correct result, we affirm.

## II. SCOPE OF REVIEW

[1] On appeal of a habeas petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008).

[2] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower court. *Shaffer v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 740, 857 N.W.2d 313 (2014).

## III. FACTS

In 1997, pursuant to a plea agreement, O'Neal pled no contest to, and was convicted of, three counts of attempted first degree assault and two counts of use of a deadly weapon to commit a felony. Count I (one of the assault counts) and count II (the corresponding use count) related to actions

O'Neal took against an "Edward Duncan." He was sentenced to 4 to 5 years' imprisonment for the assault convictions and 20 to 25 years' imprisonment on the use of a weapon convictions. The sentencing court ordered all five sentences to run consecutively.

Following sentencing, O'Neal filed a direct appeal, but it was dismissed for failure to file a poverty affidavit. He then moved for postconviction relief, alleging ineffective assistance of counsel. The district court concluded that his trial counsel had failed to adequately perfect a direct appeal and granted relief in the form of a new direct appeal.

On direct appeal, the Nebraska Court of Appeals affirmed O'Neal's convictions and sentences for use of a deadly weapon to commit a felony, affirmed his convictions for attempted first degree assault, and modified the sentences imposed for attempted first degree assault to 20 months' to 5 years' imprisonment each. See *State v. O'Neal*, No. A-04-536, 2005 WL 1022027 (Neb. App. May 3, 2005) (not designated for permanent publication). The Court of Appeals concluded that O'Neal's assignments of error either lacked merit or were waived by his no contest pleas. In particular, it rejected O'Neal's argument that the information on which he was charged was defective for failing to properly identify the victim of counts I and II.

On August 23, 2013, O'Neal filed a pro se petition for a writ of habeas corpus in the district court for Douglas County. He alleged that his imprisonment for counts I and II was the equivalent of being committed for crimes "which never occurred," and thus was a violation of the 5th and 14th Amendments, because the victim of counts I and II was an "Allen Duncan" and not the "Edward Duncan" identified in the amended information. He further alleged that he was entitled to discharge, because at the time of his application, he had "already been confined for a period which exceed[ed] the terms of imprisonment imposed on counts III through V" and he was being imprisoned only on counts I and II. O'Neal's petition did not include a copy of the relevant commitment or detention order.

In January 2014, the district court entered an order "request[ing] that the State file a written response to [O'Neal's] Application for Writ of Habeas Corpus." The State complied with this request, and on March 3, it filed a response with the court. In its response, the State argued that O'Neal's petition "should be denied for lack of jurisdiction." It explained:

> [O'Neal] acknowledges in his writ that he is currently serving a term of incarceration and that he is currently in the Lincoln Penitentiary, which is not located in Douglas County. Thus, this Court lacks jurisdiction. *See Addison v. Parratt*, 204 Neb. 656, 284 N.W.2d 574 (1979) (finding dismissal by the district court in Sheridan County of a petition for habeas corpus appropriate when the petitioner and respondent were residing in Lancaster County); *Gillard v. Clark*, 105 Neb. 84, 179 N.W. 396 (1920) ("We are therefore of the opinion that an application for a writ of habeas corpus to release a prisoner confined under sentence of court must be brought in the county where the prisoner is confined.").

In its response, the State also argued that habeas relief should be denied on the merits of O'Neal's petition.

On March 7, 2014, the district court entered an order denying O'Neal's petition for a writ of habeas corpus due to lack of jurisdiction. The court concluded that under *Addison v. Parratt*, 204 Neb. 656, 284 N.W.2d 574 (1979), it did not have jurisdiction to consider a habeas petition from O'Neal, because he was "currently serving his incarceration at the penitentiary in Lincoln, Nebraska, which is not in Douglas County." The court also concluded that even if it had jurisdiction, O'Neal was not entitled to habeas relief.

O'Neal timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## IV. ASSIGNMENT OF ERROR

O'Neal assigns that the district court erred in denying his application for a writ of habeas corpus.

## V. ANALYSIS

### 1. Jurisdiction

[3,4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012). If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction. *Id*.

In the instant case, the jurisdiction of the district court to consider O'Neal's petition for a writ of habeas corpus has been challenged on two separate grounds. The district court concluded that it lacked jurisdiction over O'Neal's petition, because he was not confined within the county in which the court sat. The State also argues that the district court lacked jurisdiction, because O'Neal failed to attach a copy of his commitment order to the petition, as required by Neb. Rev. Stat. § 29-2801 (Reissue 2008). As we explain below, we conclude that neither O'Neal's failure to file his habeas petition in the county of his confinement nor his failure to attach a copy of his commitment order to his petition deprived the district court of jurisdiction.

### (a) Petition Not Filed in County of Confinement

The first jurisdictional question is whether the district court was deprived of jurisdiction by virtue of the fact that O'Neal was not confined within the county where the action was commenced. We conclude that it was not.

It has long been the general rule that a petition for a writ of habeas corpus should be filed in the county where the petitioner is confined. See, *Addison v. Parratt*, 204 Neb. 656, 284 N.W.2d 574 (1979); *Gillard v. Clark*, 105 Neb. 84, 179 N.W. 396 (1920); *In re White*, 33 Neb. 812, 51 N.W. 287 (1892).

For many years, our case law viewed the failure to comply with this rule as creating a jurisdictional issue. In *Gillard v. Clark*, 105 Neb. at 87, 179 N.W. at 398, we held that where habeas proceedings were initiated in a county other than where the petitioner was confined, it was "the duty of the court" to

dismiss the petition for lack of jurisdiction unless the officer in whose custody the prisoner was held brought the prisoner into the court and submitted to its jurisdiction without objection. In *Addison v. Parratt*, we again held that where habeas proceedings were initiated in a county other than where the petitioner was confined, it was "'the duty of the court, on objection to its jurisdiction, to dismiss the proceedings.'" See 204 Neb. at 658, 284 N.W.2d at 575 (quoting *Gillard v. Clark, supra*).

[5] But in *Anderson v. Houston*, 274 Neb. 916, 744 N.W.2d 410 (2008), we revisited, and ultimately rejected, the proposition that failing to initiate a habeas proceeding in the county of confinement created jurisdictional problems. We concluded that by statute, any and all district courts in Nebraska have subject matter jurisdiction of claims for habeas corpus relief. The determination of which district court should hear a habeas petition is essentially a question of venue and not one of jurisdiction. See *id*.

*Anderson v. Houston, supra*, was decided more than 5 years before O'Neal filed his petition for a writ of habeas corpus. Under our holding in that case, the district court was not deprived of jurisdiction by the fact that O'Neal was not confined within Douglas County. Therefore, the district court erred in concluding that it lacked jurisdiction for this reason.

O'Neal's failure to file his petition in the county of his confinement may have had implications for venue. See *id*. But we need not determine whether venue in Douglas County was improper, because the State waived any objection it may have had to venue.

[6-8] Unlike jurisdiction, venue is a personal privilege which, if not raised by a party, is waived unless prohibited by law. *Hofferber v. Hastings Utilities*, 282 Neb. 215, 803 N.W.2d 1 (2011). In particular, "[a] claim of improper venue is a matter that may be waived by failure to make a timely objection." See *Krajicek v. Gale*, 267 Neb. 623, 628, 677 N.W.2d 488, 492 (2004). For an objection to venue to be timely in a civil case, it must be raised "before or in the defendant's answer." See *State v. Vejvoda*, 231 Neb. 668, 673, 438 N.W.2d 461, 466 (1989). Habeas corpus is "a special civil proceeding."

See *Peterson v. Houston*, 284 Neb. 861, 866, 824 N.W.2d 26, 32 (2012).

[9] In the instant case, the State did not object to venue in or before its response to the habeas petition. Although the State alerted the district court that O'Neal had not filed his habeas petition in the county of his confinement, the State explicitly framed this argument as an objection to jurisdiction. Jurisdiction and venue are not synonymous and interchangeable functions in litigation. *Hofferber v. Hastings Utilities, supra.* And the difference between a jurisdictional argument and a venue argument is "significant." See *Anderson v. Houston*, 274 Neb. at 922, 744 N.W.2d at 416. Moreover, in a prior case, we determined that an objection to jurisdiction did not preserve an objection to venue. See *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988). We therefore reject the State's argument that its jurisdictional objection should be viewed as an objection to venue.

The State did not raise a timely venue objection, and it therefore waived any objection to venue in the district court for Douglas County.

### (b) Failure to Attach Copy of Commitment Order

The second jurisdictional question presented by this appeal is whether the statutory requirement to attach a copy of the relevant commitment order to a habeas petition is jurisdictional—that is, whether the failure to attach a copy of the commitment order to a habeas petition prevents a court from exercising jurisdiction over that petition. Under § 29-2801, when an individual makes an application for a writ of habeas corpus "to any one of the judges of the district court," he or she must "produce to such judge a copy of the commitment or cause of detention of such person."

The State argues that we previously decided this issue in *Gallion v. Zinn*, 236 Neb. 98, 459 N.W.2d 214 (1990). It alleges that in that case, we held that "the failure to attach a copy of the commitment is jurisdictional." See brief for appellee at 6. But we do not agree.

In *Gallion v. Zinn, supra*, Donnelle Gallion, an individual confined at the Lincoln Regional Center, filed a pro se petition for a writ of habeas corpus but did not provide a copy of his commitment or detention order. The lower court held a hearing on the petition and then dismissed it for the reason that the petition failed to state facts that would entitle Gallion to habeas relief. On appeal, within a broader discussion of whether Gallion's petition showed legal cause for habeas relief, we considered the effect of his failure to provide a copy of the commitment order. We concluded (1) that under § 29-2801, Gallion was "required to produce for the district court a copy of the order under which [he] was committed to and detained in the Lincoln Regional Center" and (2) that the "absence of the statutorily required copy of the commitment and detention order . . . prevented the district court from proceeding to the relief sought by Gallion's habeas corpus action." See *Gallion v. Zinn*, 236 Neb. at 100, 459 N.W.2d at 215. Accordingly, we found that Gallion's petition was properly dismissed.

At no point in *Gallion v. Zinn, supra*, did we discuss or mention jurisdiction. Moreover, we ultimately affirmed the dismissal of Gallion's petition for failure to allege facts which entitled him to relief. If we had concluded, as the State suggests, that the district court lacked jurisdiction over Gallion's petition due to the lack of a commitment order, we would not have affirmed the lower court's dismissal, which constituted a judgment on the petition. Therefore, we reject the State's argument that in *Gallion v. Zinn, supra*, we held that the failure to attach a copy of the commitment is jurisdictional.

[10] The State cites to no other cases which would lead us to conclude that the failure to attach a copy of the relevant commitment order to a petition for a writ of habeas corpus prevents a court from exercising jurisdiction over that petition. Indeed, in prior cases where a commitment order was not provided as part of the habeas petition, we have considered the merits of the petition and affirmed the lower court's dismissal on nonjurisdictional grounds. See, *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999); *Gallion v. Zinn, supra*.

The Court of Appeals has likewise considered the merits of a habeas petition which did not include a commitment order. See *Tyler v. Warden, Nebraska State Prison*, No. A-02-295, 2003 WL 21398153 (Neb. App. June 17, 2003) (not designated for permanent publication). Moreover, most states with statutory requirements similar to § 29-2801 do not treat compliance with such requirements as jurisdictional. See, *Nguyen v. State*, 282 Ga. 483, 651 S.E.2d 681 (2007), *overruled on other grounds, Brown v. Crawford*, 289 Ga. 722, 715 S.E.2d 132 (2011); *State ex rel. v. Adult Parole*, 80 Ohio St. 3d 639, 687 N.E.2d 761 (1998); *People ex rel. Negron v. Herold*, 33 A.D.2d 1076, 307 N.Y.S.2d 710 (1970); *State ex rel. Hansen v. Utecht*, 230 Minn. 579, 40 N.W.2d 441 (1950); *State ex rel. Chase v. Calvird*, 324 Mo. 429, 24 S.W.2d 111 (1930); *In the Matter of Beard*, 4 Ark. 9 (1842); *In re Spates*, No. 14-14-00524-CV, 2014 WL 3051311 (Tex. App. July 3, 2014) (unpublished). But see *Evans v. Dist. Ct.*, 194 Colo. 299, 572 P.2d 811 (1977). Consequently, we conclude that the failure to attach a copy of the relevant commitment order to a petition for a writ of habeas corpus does not prevent a court from exercising jurisdiction over that petition.

O'Neal's failure to provide a copy of the commitment order is raised by the State solely within the context of jurisdiction. The State does not argue that such failure rendered his petition insufficient or otherwise precluded him from obtaining habeas relief. Therefore, we do not consider whether there are non-jurisdictional consequences to failing to attach a copy of the relevant commitment order to a petition for a writ of habeas corpus, because such issues are not before us.

## 2. DENIAL OF HABEAS PETITION

[11] Because the district court had jurisdiction, it erred insofar as it assigned lack of jurisdiction as the reason for denying O'Neal's habeas petition. However, "[a] proper result will not be reversed merely because it was reached for the wrong reason." See *In re Estate of Odenreider*, 286 Neb. 480, 490, 837 N.W.2d 756, 765 (2013). We must, therefore, consider whether the district court properly denied O'Neal's petition. We conclude that it did.

[12-14] A writ of habeas corpus in this state is quite limited in comparison to those of federal courts, which allow a writ of habeas corpus to a prisoner when he or she is in custody in violation of the federal Constitution, law, or treaties of the United States. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id*. Only a void judgment may be collaterally attacked. *Id*. "'If the court has jurisdiction of the person of the accused and of the crime charged in the information[,] and does not exceed its lawful authority in passing sentence, its judgment is not void[,] whatever errors may have preceded the rendition thereof.'" *Hickman v. Fenton*, 120 Neb. 66, 70, 231 N.W. 510, 512 (1930). Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Peterson v. Houston, supra*.

[15] O'Neal claimed that he was entitled to habeas relief, because the information on which he was convicted incorrectly identified the victim of counts I and II. Although he attempted to connect this alleged default to the legality of his imprisonment under the 5th and 14th Amendments, he did not argue that the information's alleged error deprived the trial court of jurisdiction. Neither did he argue that it was not within the power of the sentencing court to impose the sentences which he received. Therefore, O'Neal did not raise an issue which could be addressed in a writ of habeas corpus proceeding in Nebraska. A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose. *Peterson v. Houston, supra*.

To the extent the district court assigned lack of jurisdiction as the reason for denying O'Neal's petition, it erred. But the court also concluded that if it had jurisdiction, O'Neal was not entitled to relief. Because the record adequately demonstrates that the decision of the district court dismissing the petition was correct, we affirm.

## VI. CONCLUSION

For the foregoing reasons, we affirm the order of the district court which denied O'Neal's petition for a writ of habeas corpus.

Affirmed.

Cassel, J., concurring.

Although I agree that the district court had jurisdiction of the application for writ of habeas corpus, O'Neal failed to identify the person or persons who were allegedly illegally detaining him. In my opinion, the district court should have summarily denied the application at the outset.

Habeas corpus, under statutes like our own, is a special proceeding, civil in character, providing a summary remedy open to persons illegally detained.[1] Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose.[2] Such a judgment is not void. Habeas corpus cannot be used as a substitute for a writ of error.[3] Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment sentencing a defendant.[4]

The writ must be "directed to the proper officer, person or persons who detains such prisoner."[5] If the writ is issued, the "officer or person to whom such writ shall be directed" is dutybound to "convey the person or persons so imprisoned or detained and named in such writ, before the judge allowing the same, . . . and to make due return of the writ."[6]

The application failed to name any person to whom the writ might have been directed. The application must be made to the

---

[1] *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 14 N.W.2d 840 (1944).

[2] *Jackson v. Olson*, 146 Neb. 885, 22 N.W.2d 124 (1946).

[3] *Id.*

[4] *Id.*

[5] Neb. Rev. Stat. § 29-2801 (Reissue 2008).

[6] Neb. Rev. Stat. § 29-2802 (Reissue 2008).

judge "by oath or affirmation."[7] Without the name of any officer (or perhaps even a "John Doe" designation of some officer identified by means of the office he or she held), the application wholly failed to support issuance of a writ.

But instead of simply denying the writ, the district court, without any citation to authority under the habeas corpus statutes, directed the State to file a response. At this point, the court ceased to follow the procedure dictated by the habeas corpus statutes and basically made up its own procedure. It is the duty of the court on presentation of a petition for a writ of habeas corpus to examine it, and if it fails to state a cause of action, the court must enter an order denying a writ.[8] If the district court had simply followed the statutory procedure and summarily denied the writ for failure to comply with the statutes, this appeal would have been very straightforward. And this court would have had no need to discuss jurisdiction, venue, waiver, and the requirement to attach a copy of the commitment.

I do not disagree with the majority's reasoning or conclusion or the law that it cites. The district court's irregular procedure introduced complexity into an otherwise simple process. I write separately to encourage trial courts not to follow the trail blazed by the court below, but, rather, to adhere to the simple statutory procedure.

---

[7] § 29-2801.

[8] See *Dixon v. Hann*, 160 Neb. 316, 70 N.W.2d 80 (1955).

---

State of Nebraska, appellant, v.
Renae K. Warner, appellee.
___ N.W.2d ___

Filed May 22, 2015.    No. S-14-345.

1. **Jurisdiction: Appeal and Error.** An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.