Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/15/2016 12:05 PM CST

Village at North Platte, appellant,
v. Lincoln County Board of
Equalization, appellee.
___ N.W.2d ___

Filed January 15, 2016.    No. S-15-508.

1. **Taxation: Appeal and Error.** An appellate court reviews questions of law arising during appellate review of decisions by the Nebraska Tax Equalization and Review Commission de novo on the record.

2. **Statutes: Jurisdiction.** Statutory interpretation and subject matter jurisdiction present questions of law.

3. **Taxation: Property: Valuation.** Neb. Rev. Stat. § 77-1502(2) (Cum. Supp. 2014) requires that a protest of property valuation shall contain or have attached a statement of the reason or reasons why the requested change should be made.

4. **Statutes.** Statutory language is to be given its plain and ordinary meaning.

5. ____. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

6. **Words and Phrases.** It is axiomatic that without some level of compliance, there can never be substantial compliance.

7. **Taxation: Jurisdiction.** County boards of equalization can exercise only such powers as are expressly granted to them by statute, and statutes conferring power and authority upon a county board of equalization are strictly construed.

8. **Taxation: Property: Valuation: Dismissal and Nonsuit.** Where a protest of property valuation fails to contain or have attached the statement of the reason or reasons for the protest, Neb. Rev. Stat. § 77-1502(2) (Cum. Supp. 2014) requires a county board of equalization to dismiss it.

9. **Taxation: Jurisdiction: Appeal and Error.** The Nebraska Tax Equalization and Review Commission obtains exclusive jurisdiction over an appeal when: (1) the commission has the power or authority to hear the appeal; (2) the appeal is timely filed; (3) the filing fee, if applicable, is timely received and thereafter paid; and (4) a copy of the decision, order, determination, or action appealed from, or other information that documents the decision, order, determination, or action appealed from, is timely filed.

10. **Taxation: Appeal and Error.** The Nebraska Tax Equalization and Review Commission has the power and duty to hear and determine appeals of any decision of any county board of equalization.

11. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

12. **Taxation: Property: Valuation.** A property owner's exclusive remedy for relief from overvaluation of property for tax purposes is by protest to the county board of equalization.

13. **Jurisdiction: Courts.** The question of a court's subject matter jurisdiction does not turn solely on the court's authority to hear a certain class of cases.

14. **Jurisdiction: Administrative Law.** A tribunal may have subject matter jurisdiction in a matter over a certain class of case, but it may nonetheless lack the authority to address a particular question or grant the particular relief requested.

15. **Jurisdiction: Appeal and Error.** If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.

Appeal from the Tax Equalization and Review Commission. Affirmed.

William E. Peters, of Peters & Chunka, P.C., L.L.O., for appellant.

Rebecca Harling, Lincoln County Attorney, and Joe W. Wright for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, and Stacy, JJ.

Cassel, J.

## INTRODUCTION

According to statute, a taxpayer's property valuation protest must "contain or have attached a statement of the reason or reasons why the requested change should be made."[1] In this appeal, the taxpayer's protest form specified the assessed and requested valuation amounts but stated no reason for the requested change. The statute's plain meaning required a "reason" and not just two different numbers. The protest did not substantially comply with the statute. And because the statute required the county board of equalization to dismiss the protest, the board had no power to do otherwise. It then follows that on appeal, the Nebraska Tax Equalization and Review Commission (TERC) lacked authority to consider the merits of the property's value.

## BACKGROUND

Section 77-1502(2) both imposes a requirement and specifies a consequence for its violation. The full sentence imposing the requirement states, "The protest shall contain or have attached a statement of the reason or reasons why the requested change should be made and a description of the property to which the protest applies."[2] The statute then states, "If the protest does not contain or have attached the statement of the reason or reasons for the protest or the applicable description of the property, the protest shall be dismissed by the county board of equalization."[3]

Village at North Platte (the taxpayer), through its legal counsel, filed a property valuation protest using a "Form 422A." We digress to note that the taxpayer is a private entity and not a "village" in the sense of Nebraska's least-populated type of

---

[1] Neb. Rev. Stat. § 77-1502(2) (Cum. Supp. 2014).

[2] *Id.*

[3] *Id.*

municipality.[4] The protest form included a legal description of real property located in Lincoln County, Nebraska. The protest showed a protested valuation of $1,881,100 and a requested valuation of $1 million.

But the taxpayer left blank the box on the form designated "Reasons for requested valuation change (Attach additional pages if needed.)." And it did not attach a statement containing a reason for the protest. The Lincoln County Board of Equalization (the Board) dismissed the protest, citing § 77-1502(2).

The taxpayer appealed to TERC. In the taxpayer's TERC appeal form, it listed the reason for the appeal as follows: "This property is valued in excess of its actual value and is not equalized with comparable and similar property in the county." The Board moved to dismiss the appeal. It asserted that TERC lacked jurisdiction because the Board did not have jurisdiction to hear the protest due to the taxpayer's failure to state the reason for the protest.

Following a hearing, TERC entered an order for dismissal with prejudice. TERC stated:

The statute requires that an appeal contain a reason or reasons why the requested change should be made. A reason why a requested change should be made and a requested change are not the same thing. [TERC] cannot conclude that making a requested change is the same as stating a reason why the change should be made without reading the statute in such a way as to make the requirement for a reason for the requested change meaningless.

TERC concluded that the Board did not have jurisdiction to hear the appeal and, thus, that TERC did not have jurisdiction over the appeal.

The taxpayer timely filed an appeal. Pursuant to statutory authority,[5] we moved the appeal to our docket.

---

[4] See Neb. Rev. Stat. § 17-201 (Cum. Supp. 2014).

[5] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENT OF ERROR

The taxpayer assigns that TERC erred in finding the Board did not have subject matter jurisdiction and, therefore, that TERC did not have jurisdiction over the appeal or petition.

## STANDARD OF REVIEW

[1,2] An appellate court reviews questions of law arising during appellate review of decisions by TERC de novo on the record.[6] Statutory interpretation[7] and subject matter jurisdiction[8] present questions of law.

## ANALYSIS

### Reason for Requested Change

[3] A protest of property valuation "shall contain or have attached a statement of the reason or reasons why the requested change should be made."[9] There is no dispute that the taxpayer did not include a reason in the space on the form for that purpose, nor did it attach a statement setting forth the reason for its requested change. Nevertheless, the taxpayer claims that it complied with the statutory requirement, because its protest "contained a reason for the appeal: that the property was overvalued, as indicated by the Protested Valuation of $1,881,[1]00 and the Requested Valuation of $1,000,000."[10]

[4,5] We recall basic principles of statutory interpretation. Statutory language is to be given its plain and ordinary meaning.[11] A court must attempt to give effect to all parts of a

---

[6] *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*, 290 Neb. 726, 861 N.W.2d 718 (2015).

[7] See *id.*

[8] See *McDougle v. State ex rel. Bruning*, 289 Neb. 19, 853 N.W.2d 159 (2014).

[9] § 77-1502(2).

[10] Brief for appellant at 7.

[11] *Merie B. on behalf of Brayden O. v. State*, 290 Neb. 919, 863 N.W.2d 171 (2015).

statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[12]

The statute plainly requires a reason why the requested change should be made. The taxpayer failed to provide one. As TERC correctly reasoned, a requested change is not synonymous with a reason why the requested change should be made.

We reject the taxpayer's argument that a reason for the protest was apparent from the face of the protest form. The taxpayer contends that by reading its protest in its entirety, it "clearly set forth its position that the property was valued in excess of the actual value when it indicated that the assessed value of the subject property, as ref[l]ected in the Protested Valuation, was significantly higher than the market value reflected in the Requested Valuation."[13] We disagree. A difference between the amount of the assessed value and the amount of the requested value provides no explanation, i.e., no "reason," for the numerical difference. In the cliche "five W's" formula of journalism, a mere numerical difference provides a "what" but omits the "why." Different figures could result for a multitude of reasons. It could be that, as it appears to be here, the taxpayer claims the property was overvalued by the assessor. But the difference could result from a claim that the taxpayer's property was not fairly and properly equalized. And, importantly, it could result from some reason for which the Board would be unable to afford any relief.

A county board of equalization should not have to guess the basis for a taxpayer's property valuation protest, and the statutory requirement exists to frame the issue for a hearing before a county board of equalization. Otherwise, the county assessor or some other representative of the county's interests

---

[12] *Stick v. City of Omaha*, 289 Neb. 752, 857 N.W.2d 561 (2015).

[13] Brief for appellant at 8.

would have no meaningful way of preparing for a hearing on a taxpayer's protest.

The taxpayer's reasoning would eviscerate the statutory mandate to state a reason. This, in turn, would violate the canon requiring that no sentence of the statute be rejected as superfluous.

## SUBSTANTIAL COMPLIANCE

The taxpayer also asserts that the doctrine of substantial compliance should apply. In cases involving the Political Subdivisions Tort Claims Act, for example, we have applied a substantial compliance analysis when there was a question about whether the content of a tort claim met the requirements of the statute.[14]

[6] But here, the taxpayer did not comply with the statutory requirement to any degree. The taxpayer completely failed to set forth a reason for the requested change. "It is axiomatic that without some level of compliance, there can never be substantial compliance."[15] Because no reason for the change was given, the taxpayer did not substantially comply with the statutory requirement.

## DISMISSAL BY BOARD

[7,8] Section 77-1502(2) prevented the Board from reaching the merits of the taxpayer's protest. County boards of equalization can exercise only such powers as are expressly granted to them by statute, and statutes conferring power and authority upon a county board of equalization are strictly construed.[16] Where a protest fails to "contain or have attached the statement of the reason or reasons for the protest," the statute

---

[14] See *Niemoller v. City of Papillion*, 276 Neb. 40, 752 N.W.2d 132 (2008).

[15] *Loontjer v. Robinson*, 266 Neb. 902, 913, 670 N.W.2d 301, 309 (2003) (Hendry, C.J., concurring in result).

[16] *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal., supra* note 6.

requires the board to "dismiss[]" it.[17] Because the taxpayer's protest did not include a reason for the requested change, the Board did not have authority to do anything other than dismiss the protest.

### Dismissal by TERC

TERC dismissed the taxpayer's appeal for lack of jurisdiction. It did so after determining that the taxpayer's protest did not include a reason for the requested valuation change and that the Board was required to dismiss the protest.

[9,10] TERC's jurisdiction over an appeal is derived from statute. TERC obtains exclusive jurisdiction over an appeal when: (1) TERC has the power or authority to hear the appeal; (2) the appeal is timely filed; (3) the filing fee, if applicable, is timely received and thereafter paid; and (4) a copy of the decision, order, determination, or action appealed from, or other information that documents the decision, order, determination, or action appealed from, is timely filed.[18] Section 77-5013(1) specifically provides, "Only the requirements of this subsection shall be deemed jurisdictional." We observe that TERC has the power and duty to hear and determine appeals of any decision of any county board of equalization.[19] And there is no assertion that the other jurisdictional requirements have not been met.

But meeting the statutory jurisdictional prerequisites does not necessarily mean that TERC will have power to reach the merits of the property's valuation. TERC determined that it lacked jurisdiction to hear the appeal, because the Board did not have subject matter jurisdiction to hear the protest. In the factual situation before us, we conclude that TERC lacked

---

[17] § 77-1502(2).

[18] See Neb. Rev. Stat. § 77-5013(1) (Cum. Supp. 2014).

[19] See Neb. Rev. Stat. § 77-5007(1), (2), (5) through (7), (10), and (13) (Supp. 2015).

authority to reach the merits of the property's valuation. To explain, we must recall and apply principles of subject matter jurisdiction.

[11,12] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[20] A property owner's exclusive remedy for relief from overvaluation of property for tax purposes is by protest to the county board of equalization.[21] Thus, the Board generally has the power to hear and decide protests of property valuations.

[13,14] "'But the question of a court's subject matter jurisdiction does not turn solely on the court's authority to hear a certain class of cases.'"[22] A tribunal may have subject matter jurisdiction in a matter over a certain class of case, but it may nonetheless lack the authority to address a particular question or grant the particular relief requested.[23] Because the taxpayer's protest failed to include a reason for its requested change in valuation, the statute mandated that the Board dismiss the protest. The Board therefore lacked authority to reach the merits of the valuation of the property.

[15] It is well settled that if the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.[24] A comparable rule is applicable here. Because the Board lacked authority to hear the taxpayer's property valuation protest on the merits of the valuation, TERC likewise lacked authority to do so.

---

[20] *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015).

[21] *Bartlett v. Dawes Cty. Bd. of Equal.*, 259 Neb. 954, 613 N.W.2d 810 (2000).

[22] *Nebraska Republican Party v. Gale*, 283 Neb. 596, 599, 812 N.W.2d 273, 276 (2012), quoting *In re Interest of Trey H.*, 281 Neb. 760, 798 N.W.2d 607 (2011).

[23] See *Nebraska Republican Party v. Gale, supra* note 22.

[24] See *O'Neal v. State*, 290 Neb. 943, 863 N.W.2d 162 (2015).

One can envision a different situation—where a county board of equalization might erroneously conclude that a protest failed to state a reason. It may well follow that TERC would have authority to correct the erroneous dismissal. But, clearly, that is not the situation in the case before us. Because the taxpayer manifestly failed to state any reason for the requested change, we need not address the contours of TERC's power where a county board incorrectly reaches a similar conclusion.

## CONCLUSION

Because the taxpayer's protest failed to include a reason for the requested change in valuation, the Board correctly dismissed the protest; it lacked statutory authority to take any other action. Although TERC articulated that it lacked "jurisdiction" of the appeal, we conclude that it correctly declined to reach the merits of the appeal regarding the property's value. We therefore affirm.

AFFIRMED.

MCCORMACK, J., not participating.